# MINUTES OF THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CR-08-00004                                                    January 30, 2008
                                                               1:30 p.m.

**UNITED STATES OF AMERICA  -vs- HUANG, TIAN YUN**

PRESENT:    HON. DAVID A. WISEMAN, DESIGNATED JUDGE PRESIDING
            TINA P. MATSUNAGA, DEPUTY CLERK
            SANAE N. SHMULL, COURT REPORTER
            CRAIG MOORE, ASSISTANT U.S. ATTORNEY
            STEVEN PIXLEY, COURT APPOINTED COUNSEL FOR DEFENDANT
            HUANG, TIAN YUN, DEFENDANT

PROCEEDINGS:   DETENTION HEARING

Defendant appeared with counsel Steven Pixley and interpreter, Perry Lowe. Government was represented by Craig Moore, Assistant U.S. Attorney. Also present were U.S. Probation Officer, Melinda Brunson and FBI Special Agent, Daniel Holcomb.

Government called FBI Special Agent, Daniel Holcomb to the witness stand. Assistant U.S. Attorney Craig Moore conducted DX. Defense counsel, Steven Pixley conducted CX. No RDX conducted.

Government requested the Court to inquire whether the interpreter had translated the proceedings fairly and if the defendant waived the swearing in of the interpreter. Defendant and counsel agreed to the waiver and had no objection. Court so ordered.

Government argued that there be a finding of probable cause and that the defendant continue to be detained. Defense counsel argued that the defendant be released based on conditions set by the Court.

After hearing all argument, the Court found probable cause to detain the defendant. The Court ordered that the defendant may be released upon the posting of a $10,000.00 cash bond. The Court further ordered the defendant be released to a third-party custodian approved by this court, along with the following conditions of release:

1.    The defendant shall report to the U.S. Probation Office for pretrial services

    supervision;

2. The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the sum of money or designated property posted;

3. The defendant shall surrender his passport to the U.S. District Court and not obtain any passport;

4. The defendant shall not leave the island of Saipan without the permission of the Court;

5. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;

6. The defendant shall refrain from the excessive use of alcohol;

7. The defendant shall refrain from the use or unlawful possession of a narcotic drug other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

8. The defendant shall submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance;

9. The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which will include electronic monitoring or other location verification system.  The defendant shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer;

10. The defendant shall be restricted to his residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer; and

11. The defendant shall notify the pretrial services office or supervising officer of any change in home address.

    The defendant was remanded back into the custody of the U.S. Marshal pending further order of the Court.

                                 Adjourned at 2:10 p.m.

                                 /s/Tina P. Matsunaga, Deputy Clerk